IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: TELEGLOBE COMMUNICATIONS CORPORATION *et al.*,<br><br>                Debtors. | Chapter 11<br>Jointly Administered<br><br>Bankr. Case No. 02-11518 (MFW) |
| TELEGLOBE USA INC. *et al.*,<br><br>                Plaintiffs,<br>v.<br>BCE INC. *et al.*,<br><br>                Defendants. | Adv. Pro. No. 04-53733 (MFW) |

DEFENDANTS' BRIEF IN OPPOSITION TO DEBTORS' MOTION
FOR LEAVE TO FILE SUR-REPLY BRIEF
IN FURTHER OPPOSITION TO DEFENDANTS' MOTION *IN LIMINE*

YOUNG CONAWAY STARGATT &
TAYLOR, LLP
Pauline K. Morgan (No. 3650)
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19899
(302) 571-6600
pmorgan@ycst.com
*Attorneys for Defendants*

Of Counsel:

SHEARMAN & STERLING LLP
Stuart J. Baskin
Jaculin Aaron
599 Lexington Avenue
New York, NY 10022-6069
(212) 848-4000

Stephen J. Marzen
801 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2634
(212) 508-8000

Dated: September 20, 2007

Defendants BCE Inc. *et al.* ("BCE") respectfully request that the Court deny Plaintiffs' motion for leave to file a sur-reply brief with respect to BCE's motion *in limine*.

1. BCE has moved *in limine* to exclude the testimony of Plaintiffs' experts Paul Charnetzki and Carlyn Taylor as a sanction for the spoliation of information considered in forming their opinions. The motion is relevant both to the case in chief and, more immediately, the forthcoming remand hearing scheduled for December.

2. The facts underlying the motion are extreme: Plaintiffs' case on insolvency and damages rest on the two experts, especially Charnetzki, who Plaintiffs plan to call to testify at the remand hearing as well. These experts are key witnesses and have been paid millions of dollars to testify. In addition, the testifying experts were permitted unusual free rein to meet and discuss with each other their expert reports while in draft, including at an all-day meeting in Delaware with counsel present where everyone commented upon and considered each other's comments. Plaintiffs knew BCE necessarily would closely scrutinize these experts. Nonetheless, Charnetzki was allowed to and did destroy all his drafts and notes leading up to his final report and Taylor destroyed everything except for two drafts she inadvertently retained. Worse still, Plaintiffs then executed a written stipulation with BCE that expressly provides that all such material shall be exchanged, a stipulation that BCE abided by and as a result produced over 80 drafts of its own experts' reports to Plaintiffs.

3. Prior to the Third Circuit's acceptance of the interlocutory appeal on the privilege issues and in anticipation of the trial before Judge Robinson, the parties were in

the middle of briefing this and other *in limine* motions.[1] BCE submitted its brief on this motion in timely fashion and Plaintiffs filed a 29-page opposition, almost double the size of BCE's opening brief. As we explained at the August 21, 2007 status conference before this Court, given the importance of this motion to Charnetzki's ability to testify at the remand hearing, resolution of which could effectively shorten or eliminate the forthcoming hearing, BCE intended to file its reply brief and serve notice of the completion of briefing as provided for in the Local Rules of Bankruptcy Practice and Procedures of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). This Court, in fact, instructed us to do so at the status conference. *See* 8/21/07 Tr. 19:4-8, 20:15-17.

4. When Plaintiffs called to discuss filing an entirely new brief, BCE had no objection to Plaintiffs' filing and drawing the Court's attention to subsequent authority. Indeed, as we pointed out, the Local Rules expressly permit Plaintiffs "to call to the Court's attention and briefly discuss pertinent cases after a party's final brief is filed." DEL. BANKR. L.R. 7007-1(b). But that is not what Plaintiffs apparently want to do. They seek to reopen briefing to present "arguments not previously advanced." Motion ¶ 5, at 5. BCE objected to full-scale supplemental briefing. Plaintiffs' claim that BCE filed the reply brief without an agreement on scheduling means nothing since the only briefing that remained was BCE's reply brief, which BCE filed in accordance with the Court's direction at the August 21, 2007 status conference. BCE neither "broke off" negotiations nor failed to explain its reasons to Plaintiffs. It advised Plaintiffs twice that it was not

---

[1] At the end of 2006, in light of the Third Circuit's acceptance of the interlocutory appeal, Judge Robinson denied all of the outstanding *in limine* motions "without prejudice to renew pending the outcome of the appeal." District Court, D.I. 296.

going to agree to impose upon the Court a new round of briefing not permitted by the Rules and that it saw no need to delay consideration of this important motion and push back the completion of briefing as proposed by Plaintiffs.

5.  BCE is particularly of this view since the motion is so uncomplicated and straightforward. Federal Rule of Civil Procedure 26(a)(2)(B) (the "expert-disclosure rule") expressly requires disclosure of all "data or other information considered" by the expert "in forming the opinions." FED. R. CIV. P. 26(a)(2)(B). As Judge Posner explained for a unanimous Seventh Circuit panel, this rule necessarily "impl[ies] that it [the expert] must retain those data, as otherwise it could not disclose them." *Fidelity Nat. Title Ins. Co. v. Intercounty Nat. Title Ins. Co.*, 412 F.3d 745, 751 (7th Cir. 2005). Two district courts have held the same. *See Trigon Ins. Co. v. United States*, 204 F.R.D. 277, 288 (E.D. Va. 2001); *W.R. Grace & Co. v. Zotos Int'l, Inc.*, No. 98-CV-838S(F), 2000 WL 1843258, at *10 (W.D.N.Y. Nov. 2, 2000). If Judge Posner and the two district courts are correct in their interpretation of the expert-disclosure rule, then exclusion of testimony is virtually automatic, FED. R. CIV. P. 37(c)(1), and Charnetzki and Taylor may not proceed as expert witnesses. We are aware of no court that has taken a contrary view.

6.  We are also unaware of any relevant subsequent authorities on the only question of law on which BCE's motion depends – namely, whether parties have a duty to retain the information their testifying experts considered in forming their opinions. Plaintiffs identify no relevant subsequent authority that merits a subsequent-authority letter under Local Rule 7007-1(b), much less the 20-page sur-reply brief that they now seek leave to file. Although Plaintiffs refer to a "wealth of new caselaw" (Motion ¶ 2, at 3) and "the sheer volume and importance of the new authorities" (*id.* ¶ 5, at 4-5), they fail

4

to identify a single decision by any court at any time that has disagreed with Judge Posner and held that a party's testifying experts may destroy wholesale the information they considered in forming their opinions.

7. The only example of new "authority" that Plaintiffs suggest is irrelevant and indicates that they simply want to rewrite their opposition brief. Plaintiffs assert (without providing a citation) that the American Bar Association "has proposed to modify the Federal Rules of Civil Procedure to make clear that production of drafts is unnecessary." Motion ¶ 2, at 2-3. We are dubious that the ABA is in fact proposing a rule change to provide that expert drafts may be purged on the wholesale basis that Plaintiffs' experts did here – including drafts exchanged with counsel and other experts, and especially when the parties stipulate to the contrary. We also do not see how the ABA's consideration of a rule change can possibly alter the current federal expert-disclosure rule or existing court cases such as Judge Posner's interpreting it. Nonetheless, if Plaintiffs believe that this new authority is relevant, they have a means to bring it to the Court's attention under the Local Rules, and we have no objection to their doing so.

8. Contrary to Plaintiffs' assertion, BCE did not raise new arguments in its reply that necessitate a sur-reply. The only arguments in BCE's reply that were not briefed in its opening brief were direct responses to arguments made by Plaintiffs. *See* BCE's Reply at 5-13 (section II responding to Debtors' opposition arguments that experts' document-destruction practices trump the federal rule, that purely internal draft reports need not be retained, and that disclosure of core attorney work product to testifying experts does not waive the privilege).

9. Plaintiffs also assert that "new" arguments and evidence were included in a two-page declaration of counsel submitted with the reply brief. This is again incorrect. Plaintiffs attempted in their opposition brief to excuse their experts' wholesale destruction of documents by claiming that certain drafts and notes of BCE's experts were not retained and produced. The declaration did no more than rebut that erroneous claim. The declaration thus included, for example, a copy of the bates-numbered notes that Plaintiffs repeatedly claimed in their brief had not been produced.

10. We repeat that to the extent that Plaintiffs genuinely have new and relevant authority to bring to the attention of the Court, we have no objection to their doing so under the existing Local Rules. However, rules exist for a reason and we do object to Plaintiffs' desire to encumber the Court with a round of supplemental briefing on issues that they have or should have previously addressed. We thus object to the filing of a 20-page sur-reply brief.[2]

Respectfully submitted,

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ Pauline Morgan
Pauline K. Morgan (No. 3650)
The Brandywine Building, 17th Floor
1000 West Street
Wilmington, Delaware 19899
(302) 571-6600
pmorgan@ycst.com
*Attorneys for Defendants*

---

[2] BCE served its reply brief on Monday, September 17, 2007, and both parties served applications for oral argument under Local Rule 7007-3 yesterday, September 19, 2007. BCE plans to file and serve the notice of completion of briefing and accompanying binder required by Local Rule 7007-4 this coming Monday, September 24, 2007.

Of Counsel:

SHEARMAN & STERLING LLP
Stuart J. Baskin
Jaculin Aaron
599 Lexington Avenue
New York, NY 10022-6069
(212) 848-4000

Stephen J. Marzen
801 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2634
(202) 508-8000

Dated: September 20, 2007